514 F.2d 834
 168 U.S.App.D.C. 412
 AIR LINE PILOTS ASSOCIATION INTERNATIONAL, Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent, Hawaiian Airlines,
Inc., Milton M. Howell, M. D., et al., Intervenors.
Milton M. HOWELL, M. D., et al., Petitioners,
v.
CIVIL AERONAUTICS BOARD, Respondent.
 Nos. 73-2044, 75-1475.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued April 10, 1975.
Decided June 13, 1975.
 
 Ronald D. Eastman, Washington, D. C., with whom James M. Verner, Washington, D. C., was on the brief for Hawaiian Airlines, Inc.
 Jay Witkin, Atty., Civ. Aeronautics Bd., for respondent. Thomas J. Heye, Gen. Counsel, O. D. Ozment, Deputy Gen. Counsel, Glen M. Bendixsen, Associate Gen. Counsel, Robert L. Toomey, Peter R. Steenland, Jr., Attys., Civ. Aeronautics Bd., and Howard E. Shapiro, Atty., Dept. of Justice, were on the brief for respondent.
 William F. Crockett for Milton M. Howell and others.
 Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and WEIGEL,* United States District Judge for the Northern District of California.
 LEVENTHAL, Circuit Judge:
 
 
 1
 This case concerns a suspension-substitution order of the CAB which permits Hawaiian Airlines to suspend services from, e. g., Honolulu to Hana (on the island of Maui), on the condition that daily air taxi services to Hana be continued by Royal Hawaiian Air Service, which has served the area since 1967.
 
 
 2
 A petition to review was filed in this court by Air Line Pilots Association (ALPA). That petition was predicated on the order's failure to provide labor protective conditions. ALPA declined to prosecute its petition to review following the opinion of our court in Air Line Pilots Ass'n v. CAB, 161 U.S.App.D.C. 199, 494 F.2d 1118 (1974).
 
 
 3
 While ALPA's petition to review was pending, and after the expiration of the 60-day period for the filing of petitions of review, 49 U.S.C. § 1486(a) (1970), Milton M. Howell et al., filed a petition to intervene. These parties urged a question different from that pressed by ALPA, as will be indicated subsequently. The Board filed a motion to dismiss the proceeding after ALPA failed to prosecute its appeal. Although ALPA consented to the dismissal, this court denied the motion because Howell, et al., insisted that there was current validity to their objection that the CAB order was contrary to § 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. § 1374(b) (1970).
 
 
 4
 On further examination of the matter, the court concluded that there was some doubt as to its jurisdiction. It advised Howell et al., that it would entertain a motion filed under 49 U.S.C. § 1486(a) (1970) for leave to file a petition to review out of time. That petition was duly filed. The Board objected to it. In the light of the previous order of this court issued September 5, 1974, we decided that the interest of justice is furthered by permitting the filing of the petition to review out of time and granted Howell's motion on May 13, 1975.[1] There is no problem of exhaustion of administrative remedies since the points raised in this court were raised by Howell et al. before the Board. ALPA's petition in No. 73-2044 is dismissed.
 
 
 5
 On the merits, the objection raised by Intervenors is as follows: Intervenors claim that the Board violated the antidiscrimination provisions of § 404(b) by failing to make its suspension-substitution order dependent on the condition that Royal Hawaiian, the air taxi that will provide the substitution service, participate in the common fare arrangement to which Hawaiian Airlines was a party. Under the common fare arrangement a passenger who traveled between the mainland and Honolulu could travel from Honolulu to a point served by Hawaiian for a flat rate of $9, substantially less than regular inter-island fare. Howell, et al., allege that Hana will suffer a serious adverse economic impact because tourists from the mainland can no longer fly there under the low common fare rates.
 
 
 6
 The point raised by Howell intervenors is not entirely free from difficulty. They say that as long as the Board permits a common fare policy, the public interest requires that all communities that have been certificated for air service be treated alike. There is merit in this, but we are also constrained to agree with the Board that only certificated carriers are parties to the common fare arrangement. And when a certificated carrier drops or suspends a service, with the Board's permission, the predicate for the common fare is lacking.
 
 
 7
 The question then becomes whether the Board has violated the statute in permitting the services of the certificated carrier to be dropped or suspended. The Board has considerable discretion in determining the public interest in such matters, but its decisions are not immune from judicial review. We are not entirely satisfied with the argument of the Board that the only purpose of the common fare was to protect the interests of the certificated carriers carrying on the intra-Hawaiian services. As part of the special conditions justifying the arrangement for the Hawaiian Islands the Board must consider the needs of the communities, as well as the needs of the carriers.
 
 
 8
 However, in the circumstances of this case the Board has made findings which we cannot say are devoid of support and rationality that the adverse impact on Hana will be minimal. Passengers from the mainland can reach Maui under the common fare by certificated carrier flights to Kahului Airport, a lengthy drive from Hana. There is some evidence that the drive is a scenic one and is acceptable to or even preferred by tourists from the mainland, that part of the air public that would benefit from the common fare. The data indicate that only a minor fraction of the tourists reaching Hana arrived on the certificated carrier. In these circumstances we cannot say that the Board abused its discretion.
 
 
 9
 Affirmed.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 292(d)
 
 
 [1]
 We ordered that this case, No. 75-1475, be consolidated with ALPA's petition to review (No. 73-2044) and that the record and briefs in No. 73-2044 be considered as the record and briefs in No. 75-1475